UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1046-G |
| | ) |
| LAWTON PUBLIC SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On September 11, 2025, Plaintiff Jacqueline Smith filed this civil action, bringing employment discrimination claims against Defendant Lawton Public Schools. *See* Compl. (Doc. No. 1).

Plaintiff's deadline to effect service expired December 10, 2025. *See* Fed. R. Civ. P. 4(m). Plaintiff failed to provide proof of service or waiver of service to the Court by that date. Nor had Defendant answered or otherwise indicated awareness of Plaintiff's lawsuit. Accordingly, on January 12, 2026, the Court directed Plaintiff to show cause in writing, within 14 days, why the claims against Defendant should not be dismissed. *See* Order to Show Cause (Doc. No. 2).

Plaintiff has filed a Response (Doc. No. 3) requesting additional time to effectuate service, explaining that the delay was due to counsel's errors and contending that Defendant would not be prejudiced by an extension. *See id.* at 1-2.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m).

A plaintiff's failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Rule 4(m)'s "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). A showing of inadvertence, negligence, mistake of counsel, or the absence of prejudice is insufficient to establish good cause. *See id.* at 1439; *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Plaintiff therefore has failed to establish good cause under Rule 4(m) for her failure to timely effect service.

Notwithstanding Plaintiff's failure to show good cause, the Court still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where a statute of limitations or "policy considerations" "weigh in favor of granting a permissive extension of time." *Id*. at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its

agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id*. at 842 & n.8 (internal quotation marks omitted).

Here, a possible statute of limitations issue warrants a permissive extension. Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964. *See* Compl. ¶ 1. Plaintiff argues that dismissal of these claims under Rule 4(m) would bar Plaintiff's ability to refile because more than 90 days have now passed since Plaintiff's receipt of a right-to-sue letter from the EEOC. *See* Pl.'s Resp. at 2; *see also* 42 U.S.C. §§ 2000(e)-5(f)(1); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) ("Title VII requires that a plaintiff bring a judicial action within ninety days of receipt of a right-to-sue letter. . . . . [T]he filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII."), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). And Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, likely would not save Plaintiff's Title VII claims. *See Brown*, 926 F.2d at 961 ("When Congress has provided a federal statute of limitation for a federal claim, . . . state tolling and saving provisions are not applicable."); *Rogers v. Curahealth Okla., LLC*, No. CIV-22-670-R, 2023 WL 6222406, at *3 (W.D. Okla. Sept. 25, 2023).

The Court therefore finds that Plaintiff is entitled to a permissive extension of time to complete service of this action upon Defendant. *See Espinoza*, 52 F.3d at 842.

## CONCLUSION

Accordingly, Plaintiff's request for an extension of the deadline to effect service upon Defendant Lawton Public Schools is GRANTED. Plaintiff must have Defendant

4

served and submit proper proof of service in accordance with Federal Rule of Civil Procedure 4 within twenty-one (21) days of the date of this Order.

IT IS SO ORDERED this 6th day of February, 2026.

_____
CHARLES B. GOODWIN
United States District Judge